## ALDERFER, Exr, etc v HAMMOND, Exr, etc

Ohio Appeals, 9th Dist, Medina Co

No 132.   Decided Feb 18, 1935

Van Epp & Porter, Medina, for plaintiff in error.

W. W. Garver, Wadsworth for defendant in error.

**OPINION**

By STEVENS, J.

It is claimed by defendant in error that said Fred G. Alderfer, Sr., as executor of the estate of Walter E. Beech, deceased, should charge himself with the amount of said note and the interest thereon, as money in his hands belonging to said estate,. and in support of that contention he cites §10509-67, GC, which reads as follows:

"The naming of a person executor, in a will, shall not operate as a discharge or bequest of a just claim which the testator had against such executor. It shall be included among the credits and effects of the deceased in the inventory. The executor shall be liable for it as for so much money in his hands at the time such debt or demand becomes due, and must apply and distribute it in the payment of debts and legacies, and among the next of kin, as part of the personal estate of the deceased."

The matter becomes of vital interest to the bonding company, surety upon plaintiff in error's bond as executer, because in the event it be here held as was held in the lower courts, the bonding company will be called upon to pay said note and interest— it being conceded that Fred G. Alderfer, Sr., is probably insolvent, as are the other co-makers of said note.

In construing said section of the statutes, the Supreme Court in **James v West, Admr.,** 67 Oh St 28, at p. 45, said:

"While under the rule of decision of this court in **Bigelow v Bigelow, 4 Ohio, 138; Hall v Pratt, 5 Ohio, 72; and Tracy v Card, 2 Oh St, 431,** debts owing by an administrator to the estate are to be regarded and treated as assets in his hands, the rule is so far unsatisfactory that it should not be extended, but should be confined to cases in which the administrator owes the debt individually and unconditionally. The statute, §6069 GC (now §10509-67 GC), when fairly construed, does not go further. See also **Shields v Odell, 27 Oh St, 398,** and **Rossman v McFarland, 9 Oh St, 369."**

It is perfectly apparent, from an examination of the note in the instant case, and from the contents of the bill of exceptions, that this note was not an individual and unconditional debt of the administrator, but was a joint and several obligation of four co-makers, whereupon the administrator concededly appeared only as surety.

It is our conclusion that, under the construction placed upon said section by the Supreme Court in James .v West, Admr., supra, the Probate Court erred in sustaining the exceptions to Mr. Alderfer's account, as did the Court of Common Pleas in affirming the decision of the Probate Court.

The judgment will accordingly be reversed, and the cause remanded, with instructions to overrule the exceptions of defend-

ant in error to said account, so far as concerns said note and interest. Costs to be assessed against defendant in error, and exceptions allowed.

FUNK, PJ, and WASHBURN, J, concur in judgment.